The Honorable Bob Teague State Representative 4109 Carter Lane Little Rock, AR 72212
Dear Representative Teague:
This is in response to your request for an opinion regarding the construction of A.C.A. 6-20-319 (Supp. 1987). That section provides in subsection (4)(A):
 (4)(A) Each district in the state shall pay its certified personnel an amount equal to at least seventy percent (70%) of its net current revenue. Not less than eighty percent (80%) of seventy percent (70%) of each school district's increase in net current revenue over the net current revenue received the previous school year less the total salary expenditure required to fund additional certified personnel added to the staff of the district in the school year shall be divided equally among the certified personnel positions existing in the district in that year unless the board of directors of the district and a majority of the teachers agree to a different distribution.
You pose the following specific question under the above statutory provision:
If an Arkansas school district which includes territory, funding, and certified personnel of another state were to change the financing of a particular certified position from the other state to funding from Arkansas, would this position, which did not change in content, be considered an additional position under Statute 6-20-319?
In my opinion the answer to your question is "no."
The statute seeks to guarantee teachers a set percentage of the increase in district revenue received over the district revenue received in the previous year. School districts must comply with this provision to be eligible for state aid. The statute also, however, provides that to the extent the district adds new certified personnel to its staff, thereby expending additional funds, it may deduct the additional salary expenditure from the increase before calculating the teacher's [teachers'] percentage.
In my opinion, the facts you describe do not lend to the conclusion that an additional position has been added for two reasons. Firstly, the language of the statute itself requires this result. The statute authorizes the deduction of "the total salary expenditure required to fund additional certified personnel added to the staff of the district." The position you describe is a preexisting staff position. Secondly, deducting this salary from the increase in revenue would not be consistent with the reason for allowing the deduction. The district is allowed to deduct new salaries from any increase in district revenues before computing the teacher's [teachers'] percentage because it has incurred an additional expense, which should properly be borne out of any increased revenues for that year. In the situation you describe, the district has incurred no additional expense. The funding of the position has simply switched from one state to another. Because the increase in revenue we are concerned with is district revenue, any proper deductions for additional certified personnel must represent additional district expenditures. (See Opinion No. 88-157, a copy of which is enclosed.)
If the statute were worded so as to require that teachers receive a percentage of the increase of Arkansas revenue only, then the fact that a particular salary is now borne by the State of Arkansas would be of relevance. This, however, is not the case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
NOTE: Opinion 88-157 can be found under its own number in this file. It is not reproduced here as an attachment.